

No. 19-5748

**ORIGINAL**

# IN THE
# SUPREME COURT OF THE UNITED STATES

Supreme Court, U.S.
FILED
NOV 2 5 2019
OFFICE OF THE CLERK

**SETH MITCHELL,**
Sole Petitioner, Self – Represented

VS.

**MACY'S, INC., *ET AL*.**
Respondents.

---

## ON PETITION FOR WRIT OF CERTIORARI
## TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

---

## GOOD FAITH PETITION FOR RULE 44.2 REHEARING

---

**BY SETH MITCHELL, SELF-REPRESENTED**
℅ ASHEM LLC, ONE PENN PLAZA, SUITE 6119,
NEW YORK, NEW YORK, 10119
DIRECT DIAL: 1.646.801.2045
EMAIL: SETH@ASHEMLLC.CO

**THE 24th DAY OF NOVEMBER IN OUR YEAR 2019**

# TABLE OF CONTENTS

**TABLE OF CONTENTS**......................................................................................i

**TABLE OF AUTHORITIES**...............................................................................ii

**PETITION FOR REHEARING**...........................................................................1

**CONCLUSION** ...................................................................................11

**CERTIFICATE OF GOOD FAITH**......................................................12

# TABLE OF AUTHORITIES

**Cases**
*Menorah Park Ctr. for Senior Living v. Rolston*, 2019-Ohio-2114..........4

*Lawson v. Halpern-Reiss*, et al., 2019-VT-38 No. 2018-157..................5

*Chanko v. American Broadcasting*, 27 N.Y.3d 46 (2016)......................6

*Bostock v. Clayton County, GA:* 17-1618...........................................8

*Mitchell v. Macy's, Inc., et al.:* 19-5748.............................................9

**Statutes**
HIPAA.........................................................................................2

45 CFR §164.530(c)......................................................................3

45 CFR §164.502(b)......................................................................4

State of New York CPLR §4504(a)..................................................6

Bipartisan Budget Act of 2018.......................................................7

ERISA........................................................................................7

Civil Rights Act of 1964................................................................8

Supreme Court Rule 10(a).............................................................9

**Other**
Declaration of Independence dated 4 July 1776..............................10

## **PETITION FOR REHEARING**

    SETH MITCHELL, Self – Represented Sole Petitioner, respectfully requests that this Court reconsider its unjust Order dated **4 November 2019** which unconscionably denied Certiorari and now: **1)** Hear this Case based on its obvious Merits and with oral argument; or, in the alternative **2)** Grant Certiorari, Vacate the erroneous decisions down below, and Remand the Case to be heard in its entirety by the courts down below ("GVR Order").

    As of today's date, none of the meritorious Claims asserted against the defendants have been resolved and none of the respondents have even engaged in civil discourse aimed at conflict resolution; in fact, all named defendants waived their rights to respond to Petitioner's Good Faith request for Certiorari: they have absolutely no ground on which to stand and their complicity is guaranteed.

    As a threshold matter, Petitioner reminds this Court that He has proven without doubt that the defendants – respondents, most certainly Macy's, Inc. and CIGNA Corporation at least, conspired in nefarious fashion to seek Petitioner's *deprivation of life* in January 2017 when they participated in His retaliatory and illegal employment discharge and medical insurance severance at a time of great medical emergency; in denying Certiorari, the main unintended consequence in this Court is the Court's *de facto* opining on this most heinous and substantiated *attempted murder*.

    CIGNA Corporation in particular is demonic in its continued purposeful shirking of Federal laws, as evidenced by its intentional and

1

unrevoked Tier III criminal violations of HIPAA regarding the malicious distribution of Petitioner's Personal Health Information and other material non-public private and sensitive details (including at least His date of birth, Social Security Number, and postal address) to unaffiliated third parties (Macy's, Inc. and Morgan, Lewis & Bockius LLP) which aggrieves Him to a great extent:



**DEPARTMENT OF HEALTH & HUMAN SERVICES**　　Office of the Secretary

Voice - (800) 368-1019　　　　　　　　　　　　　　Office for Civil Rights
TDD - (202) 619-3257　　　　　　　　　　　　　　200 Independence Avenue, S.W.,
Fax - (202) 619-3818　　　　　　　　　　　　　　Room 509F
http://www.hhs.gov/ocr　　　　　　　　　　　　　Washington, DC 20201

February 22, 2017

Seth Mitchell
208 East 51st Street, Suite 391
New York, NY 10022

Re:　OCR Transaction Number: CU-17-261183
　　　Mitchell, Seth vs Cigna Corporation

Dear Seth Mitchell:

On February 5, 2017, the U.S. Department of Health and Human Services (HHS), Office for Civil Rights (OCR), received your complaint alleging that Cigna Corporation, the covered entity, has violated the Federal Standards for Privacy of Individually Identifiable Health Information and/or the Security Standards for the Protection of Electronic Protected Health Information (45 C.F.R. Parts 160 and 164, Subparts A, C, and E, the Privacy and Security Rules). Specifically, you allege that on January 24, 2017, Cigna Corporation located at 900 Cottage Grove Road, Bloomfield, CT 06002 impermissibly disclosed your protected health information (PHI) to your employer without authorization or consent. This allegation could reflect a violation of 45 C.F.R. § 164.530(c).

Thank you for bringing this matter to OCR's attention. Your complaint is an integral part of OCR's enforcement efforts.

OCR enforces the Privacy, Security, and Breach Notification Rules, and also Federal civil rights laws which prohibit discrimination in the delivery of health and human services because of race, color, national origin, disability, age, and under certain circumstances, sex and religion.

A covered entity must maintain reasonable and appropriate administrative, technical, and physical safeguards to prevent intentional or unintentional use or disclosure of protected health information (PHI) in violation of the Privacy Rule and to limit its incidental use and disclosure pursuant to otherwise permitted or required use or disclosure. 45 C.F.R. §164.530(c). For example, such safeguards might include shredding documents containing protected health information before discarding them, securing medical records with lock and key or pass code, and limiting access to keys or pass codes.

We have carefully reviewed your complaint against Cigna Corporation and have determined to resolve this matter through the provision of technical assistance to Cigna Corporation. Should OCR receive a similar allegation of noncompliance against Cigna Corporation in the future, OCR may initiate an investigation of that matter.

For your informational purposes, OCR has enclosed material regarding the Privacy Rule provisions related to Safeguards.

As early as **22 February 2017** United States Department of Health & Human Services cited CIGNA Corporation for intentional violations of 45 CFR §164.530(c) (above), and yet CIGNA Corporation remains unchecked in its extremely damaging illegal discloses of Petitioner's private material non-public and sensitive information, most recently on **12 September 2019** when it transmitted to an external law firm His entire insurance file held by CIGNA Corporation (below):

**Morgan Lewis**

Jordan Scott Fisher
Associate
+1.212.309.6362
jordan.fisher@morganlewis.com

September 12, 2019

**VIA EMAIL AND SECURE FILE TRANSFER**

Mr. Seth Mitchell
Ashem LLC
One Penn Plaza - Suite 6199
New York, NY 10119
seth.mitchell@ashemllc.co

Re:   Requested Records

Dear Mr. Mitchell:

As you are aware, our firm represents Cigna Corporation ("Cigna"). We are in receipt of your emails to Cigna requesting records. As we have directed you numerous times in the past, please do not communicate directly with any Cigna employees, but instead direct all communications for Cigna to us.

Please find Cigna's records in response to your request sent under separate cover via secure file transfer. The password to access the zip files is 2019MITCHELLs@. Please let us know if you have any difficulty opening the documents.

Sincerely,

/s/ Jordan Scott Fisher

Jordan Scott Fisher

JSF
Attachments
c:  Jeremy Blumenfeld

Morgan, Lewis & Bockius LLP

101 Park Avenue
New York, NY 10178-0060    +1.212.309.6000
United States              +1.212.309.6001

3

On **3 November 2019** Petitioner requested formally and in writing of both CIGNA Corporation and Morgan, Lewis & Bockius LLP an immediate destruction of Petitioner's personal health and other private information in paper form and on the information technology servers of Morgan, Lewis & Bockius LLP yet neither party even responded to Petitioner's good faith request: such outrageous indiscretions cannot go unchecked, and this Court must now Act in Order to shine a cleansing judicial light on these calculated miscreants.

Recent rulings provide significant weight to Petitioner's pursuit of private actions for such intentional violations, such as *Menorah Park Ctr. for Senior Living v. Rolston*, 2019-Ohio-2114, where:

> "......*when using or disclosing protected health information under HIPAA, a "minimum necessary" standard is applied pursuant to which covered entities "must make reasonable efforts to limit protected health information to the minimum necessary to accomplish the intended purpose of the use, disclosure or request." 45 C.F.R. 164.502(b).....*"

and

> "......*[W]e conclude that state common-law claims for the wrongful disclosure of medical or personal health information are not inconsistent with HIPAA. Rather, as observed by the court in Yath, such state-law claims compliment HIPAA by enhancing the penalties for its violation and thereby encouraging HIPAA compliance. Accordingly, we now hold that common-law tort claims based upon the wrongful disclosure of medical or personal health information are not preempted by the Health Insurance Portability and Accountability Act of 1996......*"

4

Here, by intentionally and maliciously releasing Petitioner's entire unredacted information files to Morgan, Lewis, CIGNA Corporation, it violates without doubt *45 C.F.R. 164.502(b)* and therefore, as per *Menorah*, private causes of action are available to this infinitively – aggrieved Petitioner, which of course conflicts directly with the wrongful decisions in the courts down below.

In *Lawson v. Halpern-Reiss*, et al., 2019-VT-38 No. 2018-157:

> *"......For the same public policy reasons, we join the consensus of jurisdictions recognizing a common-law private right of action for damages arising from a medical provider's unauthorized disclosure of information obtained during treatment....we do not do so lightly.....see Hay v. Med. Ctr. Hosp. of Vt., 145 Vt. 533, 539-40, 496 A.2d 939, 943 (1985) (acknowledging that caution must be taken in recognizing new cause of action but nonetheless recognizing cause of action for minor child's loss of parental consortium "to see justice made available within our legal system, which is of paramount importance")....as we have stated on multiple occasions, "[w]e will not recognize a new cause of action or enlarge an existing one without first determining whether there is a compelling public policy reason for the change" Knight v. Rower, 170 Vt. 96, 107, 742 A.2d 1237, 1245 (1999) (quotation omitted)(declining to extend social host liability in Vermont)......in this instance, however, public recognition and endorsement of a duty of confidentiality between medical providers and their patients is already evidenced in our law; therefore, providing a common-law remedy for a medical provider's breach of that duty upholds the expectations of the providers, their patients, and the general public. See Byrne II, 175 A.3d at 20-21 (Robinson, J, concurring) (emphasizing "continuing reticence to recognize new [common-law] causes of action" because it is normally*

5

> *duty of legislature and not court to make law, but acknowledging that providing common-law remedy for medical provider's breach of duty of confidentiality is "an appropriate exercise of our common-law authority to recognize new causes of action").....*"

And finally with regards to State of New York, *Chanko v. American Broadcasting Companies, Inc.*, 27 N.Y.3d 46 (2016) states clearly:

> "*......we begin by observing that the physician-patient privilege did not exist at common law; it was created by statute, with New York having the first such statute in the nation, now codified at CPLR 4504 (see Matter of Grand Jury Investigation in N.Y. County, 98 NY2d 525, 529 [2002]; Dillenbeck v Hess, 73 NY2d 278, 283 [1989]). That statute provides that, "unless the patient waives the privilege, a person authorized to practice medicine . . . shall not be allowed to disclose any information which he [or she] acquired in attending a patient in a professional capacity, and which was necessary to enable him [or her] to act in that capacity" (CPLR 4504 [a]......the policy objectives of the statute are to: (1) maximize unfettered communication between patients and medical professionals, so that people will not be deterred by possible public disclosure "from seeking medical help and securing adequate diagnosis and treatment"; (2) encourage physicians to candidly record confidential information in medical records, so they are not torn between the legal duty to testify and the professional obligation to honor patient confidences; and (3) protect the reasonable privacy expectations of patients that their sensitive personal information will not be disclosed (Dillenbeck, 73 NY2d at 285 [internal quotation marks and citation omitted]; see Matter of Grand Jury Investigation in N.Y. County, 98 NY2d at 529). The privilege should "be given a broad and liberal construction to carry out its policy" (Matter of Grand Jury Investigation in N.Y. County, 98 NY2d at 530.....*"

and

> *".....a physician's disclosure of secrets acquired when treating a patient "naturally shocks our sense of decency and propriety," which is one reason it is forbidden (Dillenbeck, 73 NY2d at 285 [internal quotation marks omitted])....even apart from CPLR 4504, the legislature has declared that it is the public policy of this State to protect the "privacy and confidentiality of sensitive medical information" (Randi A. J. v Long Is. Surgi-Ctr., 46 AD3d 74, 82 [2d Dept 2007]; see Public Health Law §§ 2803-c [1], [3] [f]; 4410 [2]).....*"

Regarding defendants Macy's, Inc. and Bank of America Corporation in their unconscionable and illicit denials of legally – required hardship withdrawal requests which resulted directly in Petitioner's eviction from his primary residence and the resultant intentional infliction of emotional distress, the **Bipartisan Budget Act of 2018** significantly loosens the restrictions further on 401k hardship withdrawals and thereby strengthens Petitioner's ERISA, Retaliatory Discharge, and Intentional Infliction of Emotional Distress Claims as a direct result. As per "IRS Issue Snapshot" dated **26 June 2019** at https://www.irs.gov/retirement-plans/hardship-distributions-from-401k-plans:

> *"....hardship definition: elective deferrals....a hardship distribution from a participant's elective deferral account can only be made if the distribution is: because of an immediate and heavy financial need, limited to the amount necessary to satisfy that financial need, and limited to the participant's total*

7

> *elective deferrals as of the date of distribution, reduced by the amount of previous distributions of elective deferrals....determination of existence of need ....whether an employee has an immediate and heavy financial need depends on all relevant facts and circumstances. However, many plans include the "safe harbor" provisions in Reg. § 1.401(k)-1(d)(3)(iii)(B) to determine if the distribution is on account of a participant's hardship. Pursuant to the "safe harbor" provisions, a distribution is deemed to be on account of an immediate and heavy financial need of the employee if the distribution is for....payments necessary to prevent the eviction of the employee from the employee's principal residence or foreclosure on the mortgage on that residence....."*

When applying the ***Bipartisan Budget Act of 2018*** to Petitioner's meritorious Claims surrounding the illicit activities associated with his good faith 401k hardship withdrawal requests, this Court can only conclude that there *"...exist substantial grounds not previously presented..."* and agree to Grant Certiorari lest it be a travesty of justice of epic proportions.

This Court has agreed to hear recently several novel cases where questions arose from the Civil Rights Act of 1964 (*Bostock v. Clayton County, GA:* 17-1618) which center on discrimination based upon sex: Petitioner reiterates his contention that His Discrimination Claim based upon Sex is ripe for this Court's ruminations, namely where as a man he was continuously subject to blatant sexual harassment by a female colleague where her only goal was to obtain an illegal advantage over Him in her business dealings at Macy's, Inc.'s Bloomingdale's, Inc. division; this illegal sex-based discrimination was not subtle or

surreptitious but involved this "Ralph Lauren sales specialist" bearing her naked breasts to Petitioner on three (3) occasions on the public salesfloor, with her evil goal of shocking, embarrassing, harassing, and humiliating Petitioner to the extent that his job performance suffered to her sole benefit.

Finally, given the outrageously illegal and unfair treatment Petitioner suffered in the courts down below (regarding his many ignored pleas for emergency judicial intervention which directly threatened, and continue to threaten, His "....*unalienable rights of life, liberty, and the pursuit of happiness...*" as envisioned clearly and directly by Our Founding Fathers in the *Declaration of Independence of the 4th day of July in our year 1776* (*paragraph II, Article I*)) Associate Justice Ginsberg Granted unquestionably Petitioner's expansion of time under **Application No. 18-A1323**. In this Application Granted, Petitioner invoked Rule 10(a) where "......*A petition for a writ of certiorari will be granted only for compelling reasons.......a United States court of appeals [Second Circuit] has entered a decision in conflict with the decision of another United States court of appeals on the same important matter......or **has so far departed from the accepted and usual course of judicial proceedings, or sanctioned such a departure by***

9

*a lower court, as to call for an exercise of this Court's supervisory power......"*

Petitioner respectfully requests that this Court now *"exercise its supervisory power"* over the Second Circuit and District Court of the Southern District of New York and facilitate Circuit Justice Ginsberg's rightful policing of those courts down below given that the proper function of said courts is integral to the proper functioning of the entirety of these great United States of America.

***As follows, should this Court unjustly deny this Good Faith Petition, the most egregious stark unintended consequence would be the irrevocable denial of "unalienable rights" as guaranteed in the Declaration of Independence of 4 July 1776 to all those in this Supreme Court, The Court of Appeals for the Second Circuit, The District Court of the Southern District of New York, the defendants – respondents, their legal representatives, and indeed all those good people in these great United States of America.***

## **CONCLUSION**

Given significant unintended consequences of The Supreme Court of The United States of America not Hearing this Petition and the monumental importance of the Hearing of this Petition to all hard-working American citizens who have been wrongfully – aggrieved in an employment context, and then further aggrieved by Federal judicial employees [in the courts down below] Self – Represented Petitioner respectfully requests that this Court now Hear the Petition, Grant Certiorari or, in the alternative, issue an instantaneous GVR Order.

Dated:     This the 24rd day of November in our year 2019

Duly Executed: _____
Seth Mitchell, Self – Represented Petitioner,
**No. 19-5748**

# RULE 44.2 PETITIONER'S CERTIFICATE

Self-represented Petitioner, SETH MITCHELL, hereby certifies that this Petition for Rehearing from unjust denial of Certiorari is presented in Good Faith and not for delay, and that it is restricted to the grounds specified in Rule 44.2, namely intervening circumstances of substantial or controlling effect and/or substantial grounds not previously presented.

Dated:     This the 24rd day of November in our year 2019

Duly Executed:  _____
Seth Mitchell, Sole Petitioner, *pro se*,
**No. 19-5748**